**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENDALL R. WHITLEY** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| **LINEAGE LOGISTICS SCS, LLC AND JOHN DOE** | **MAGISTRATE JUDGE:** |

# NOTICE OF REMOVAL

**PLEASE TAKE NOTICE**, Defendant, Lineage Logistics SCS, LLC ("LLSCS"), through undersigned counsel, hereby removes this action from the Civil District Court for the Parish of Orleans, Louisiana ("Orleans Parish CDC") to the United States District Court for the Eastern District of Louisiana, under the diversity jurisdiction statute, 28 U.S.C. § 1332(a) and 28 U.S.C. §§ 1441(a) & 1446.

## I. STATEMENT OF THE CASE

1. On February 9, 2026, Kendall R. Whitley ("Plaintiff") filed this action in Orleans Parish CDC. **Exhibit A,** Petition for Damages ("Petition"). Plaintiff's action is designated as Cause No. 2026-01043, and does not request a jury trial. *Id.*

2. LLSCS was served through its registered agent on March 3, 2026.

3. Plaintiff, a dock worker employed by non-party Southeast Unloading, LLC, alleges that on Saturday, November 9, 2024, he was performing his job duties on a dock at the Port of New Orleans when a forklift backed into him causing "serious and permanent … injuries to his left hip and low back" and resulting in "[p]ermanent disability." *Id.* at ¶¶ II-IV, IX-X.

4. Plaintiff contends that the forklift driver, fictitious Defendant "John Doe," was operating the forklift in the course and scope of employment with LLSCS. *Id.* at ¶ III.

5. Plaintiff demands "special and general damages" from Defendant "Doe" and LLSCS as "Doe's" alleged employer, including past and future hospital, medical, and prescription

expenses; past and future physical and mental pain and suffering; "impairment of earning capacity/lost wages"; loss of enjoyment of life; and "permanent disability." *Id.* at ¶¶ V, VI, X.

## II. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

6. A notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.*

7. "Jurisdictional facts are determined at the time of removal, not by subsequent events." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (alteration omitted; quoting *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014)).

8. This case is removable under 28 U.S.C. § 1441(a) and this Court has original subject matter jurisdiction under the general diversity jurisdiction statute, 28 U.S.C. § 1332(a), because the properly named parties are completely diverse and it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of costs. *Id.*

### A. The properly named parties are completely diverse.

9. "[O]rdinary diversity jurisdiction requires complete diversity—all of the plaintiffs must be citizens of different states than all of the defendants." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021).

10. For diversity purposes, an individual's citizenship is determined according to his domicile. *Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

11. The citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

12. "[T]he citizenship of defendants sued under fictitious names shall be disregarded."

28 U.S.C.A. § 1441(b)(1); *e.g.*, *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019) (fictitious entity "Unknown Payee could be disregarded for diversity purposes").

13. Plaintiff is a domiciliary of Orleans Parish and a citizen of Louisiana. **Exhibit A,** Petition, p. 1.

14. LLSCS is a non-Louisiana LLC whose membership layers do not include any Louisiana citizens.

15. Fictitious Defendant "John Doe" is disregarded from the analysis. 28 U.S.C. § 1441(b)(1); *supra*, *Weaver*, 939 F.3d at 623; *see also*, *e.g.*, *Brooks v. Cox Commc'ns, LLC*, 2018 WL 6445178, at *2 (E.D. La. Dec. 10, 2018); *Sistrunk v. Dake Corp.*, 2013 WL 6512703, at *1 n.5 (E.D. La. Dec. 12, 2013).

16. The properly named parties are completely diverse. Diversity of citizenship is satisfied. *Williams*, 18 F.4th at 812.

**B. Plaintiff alleges a dispute exceeding $75,000.**

17. The amount in controversy requirement "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Pate v. ACE Am. Ins. Co.*, 2022 WL 3700123, at *2 (E.D. La. Aug. 26, 2022); (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Brooks*, 2018 WL 6445178, at *3 (same). The required inquiry "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Butler v. Wal-Mart, LLC*, 2019 WL 3001406, at *2 (E.D. La. July 10, 2019) (quoting *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015)).

18. While LLSCS disputes Plaintiff's claims and damages, Plaintiff nonetheless alleges a dispute exceeding $75,000. Plaintiff claims that he was unexpectedly hit by a forklift that backed

into him, causing "serious and permanent injuries" to his "left hip and low back" and "[p]ermanent disability." **Exhibit A,** Petition, at ¶¶ IV, V, IX, X. He demands special damages consisting of past and future hospital and medical expenses and impairment of earning capacity and lost wages, and general damages including past and future physical and mental pain and suffering, and loss of enjoyment of life. *Id.* at ¶ X. Additionally, Plaintiff claims "other items of damage which will be shown at the time of trial." *Id.*

19. Plaintiff's affirmative allegations—and particularly his claims of permanent hip and back injuries, hospital and medical expenses, permanent disability, and lost wages and lost earning capacity—make it facially apparent that the amount in controversy exceeds $75,000. *E.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (amount in controversy established based on slip-and-fall causing injuries to right wrist, left knee, and back and allegedly resulting in medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Brooks*, 2018 WL 6445178, at *3 (same, rear-end MVA causing neck, shoulder, and back injuries allegedly resulting in "past, present and future medicine, drugs, hospitalization, medical care, attendant and support care, loss wages, loss of wage earning capacity, pain and suffering, residual disabilities, mental anguish, emotional upset and distress, loss of enjoyment of life, loss of personal services and other psychological sequelae" (discussing cases)); *accord Pate*, 2022 WL 3700123, at *3 ("The fact that Pate seeks damages for permanent disability, lost wages and earning capacity, and pain and suffering, among other damages, further indicates that the amount in controversy likely exceeds $75,000.").

## III. PROCEDURAL COMPLIANCE

20. Venue is proper because the United States District Court for the Eastern District of Louisiana embraces the place in which the state court action was pending. 28 U.S.C. § 98(c); *see*

*also* 28 U.S.C. § 1441(a).

21. Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), LLSCS attaches a copy of all process and pleadings in State Court to date. **Exhibits A, B.**

22. Pursuant to 28 U.S.C. §1446 (b)(1), LLSCS timely files this removal within 30 days of service of Plaintiff's petition.

23. Pursuant to 28 U.S.C. § 1446(d), LLSCS will promptly send a copy of the removal notice to all counsel of record and to the Clerk of Court of Orleans Parish CDC.

## IV. CONCLUSION

LLSCS respectfully submits it has established this Court's original jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332(a), and is entitled to remove this action from the Civil District Court for the Parish of Orleans, Louisiana to the United States District Court for the Eastern District of Louisiana

**WHEREFORE,** LLSCS gives Notice of Removal and prays that this cause be removed from the Civil District Court for the Parish of Orleans, Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

DATED: April 2, 2026.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: /s/ Allen C. Miller
Allen C. Miller, Esq. (Bar No. 26423)
Jesse C. Stewart, Esq. (Bar No. 36282)
Jaina D. Green, Esq. (Bar No. 40378)
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
allen.miller@phelps.com
jesse.stewart@phelps.com
jaina.green@phelps.com

**ATTORNEYS FOR DEFENDANT, LINEAGE LOGISTICS SCS, LLC**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 2nd day of April, 2026, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that I served a courtesy copy of the foregoing pleading on counsel for all parties to this proceeding by e-mail.

/s/ Allen C. Miller